PER CURIAM.
Appellant challenges a decision of the circuit court that summarily denied post-conviction relief. We affirm in part, reverse in part and remand.
Appellant was charged with first-degree murder and armed robbery, but entered a negotiated plea of guilty to second degree murder and armed robbery, and received two concurrent 35-year prison terms. He did not take a direct appeal. Nearly two years after being convicted, he filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising six claims of ineffective assistance of counsel.
The lower court granted an evidentiary hearing on three of these claims, and denied the other three summarily. After an evidentiary hearing, the court denied the first three claims, as well. This appeal addresses only the three claims that were denied summarily. We find that only one requires reversal and therefore address only this issue.
*325 Appellant claimed that he asked his trial counsel to preserve for appellate review the trial court’s denial of motions to suppress but that counsel permitted him to plead guilty without expressly reserving these matters and without informing him that a plea of guilty would deprive him of his right to appeal the adverse rulings on the suppression motions. The lower court’s summary denial of this claim was predicated upon appellant’s statements that he knew and accepted that by pleading guilty he was waiving his right to trial and to present a defense, and that he had discussed the plea with counsel and was satisfied with counsel’s representation. Copies of the plea agreement and the plea colloquy were attached to the order in support of this contention. These materials do not, however, directly address appellant’s contention that he asked trial counsel to preserve certain issues, that trial counsel did not do so, and that appellant was unaware that his plea did not preserve those issues for appeal.
Thus, we reverse that part of the lower court’s order that summarily denied appellant’s claim on preservation of suppression issues for appeal and remand to the lower court with instructions either to hold an evidentiary hearing on this matter or to attach to any subsequent order summarily denying relief materials from the record that conclusively demonstrate that appellant is not entitled to relief. As to all other issues raised by appellant, we affirm.
BOOTH, MINER and VAN NORTWICK, JJ„ CONCUR.